HOWARD et al. v. LUCE et al.

(Circuit Court, W. D. New York. June 3, 1909.)

No. 247.

**1. MINES AND MINERALS (§ 97*)—PARTNERSHIPS—PLEADING.**

A complaint, after alleging conveyances by which plaintiffs and defendants became tenants in common in certain land containing a gold mine, alleged that after a specified date plaintiffs and defendants were and continued copartners and owners of the property, and under a specified firm name possessed, and continued as partners to develop and manage and mine, the property. *Held* to sufficiently charge the existence of a partnership to work the mine.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. § 222; Dec. Dig. § 97.*

Mining partnerships, see note to G. V. B. Mining Co. v. First Nat. Bank, 35 C. C. A. 515.]

**2. MINES AND MINERALS (§ 97*)—PARTNERSHIPS.**

Tenants in common of a mine may form a partnership to work it, in which the mine itself may or may not become a firm asset, or they may work the mine in common without a partnership.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. § 222; Dec. Dig. § 97.*]

**3. MINES AND MINERALS (§ 99*)—PARTNERSHIPS—ACCOUNTING.**

Tenants in common having formed a partnership to operate a mine constituting the common property, one partner was entitled to sue his copartners in equity for an accounting.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. § 223; Dec. Dig. § 99.*]

**4. EQUITY (§ 148*)—BILL—MULTIFARIOUSNESS.**

A bill of certain members of a partnership between tenants in common of a mine for the operation thereof alleged a cause of action for an accounting, and also charged that it was claimed by the purchasers of two-tenths of the property that complainants were guilty of fraud in the sale thereof, and asked for an adjudication of such questions in the suit for accounting. *Held* that, such sales having transpired prior to the alleged formation of the firm, the alleged fraud could not be litigated in the suit for accounting, and that the bill was therefore demurrable for multifariousness.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 355; Dec. Dig. § 148.*]

**5. INJUNCTION (§ 26*)—RIGHT TO RELIEF—SUIT AT LAW.**

Where a bill by certain members of a firm organized to exploit a mine constituting the common property was demurrable in so far as it sought an adjudication of complainant's alleged fraud in the sale of certain undivided interests in a mine, complainants were not entitled to an injunction restraining the purchasers of such interests from instituting or prosecuting suits at law against complainants to determine such question.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 24; Dec. Dig. § 26.*]

Bartlett & Chamberlain, for complainants.

Moot, Sprague, Brownell & Marcy, for defendants.

HOLT, District Judge. The object of this action is to obtain an accounting between the parties. The complaint, after alleging va-

rious conveyances by which the complainants and the defendants became tenants in common, in certain proportions, of certain lands in Virginia containing a gold mine, alleges that:

"From and after the 14th day of February, 1907 [the date of the last conveyance of an undivided interest to the defendant Armbrecht], these plaintiffs and the defendants were, and continued, and now are, copartners and owners as such of such property."

And later in the complaint it is alleged that:

"From and after the said 14th day of February, 1907, the plaintiffs and the defendants, under the firm name of Howard Bros., Luce & Co., possessed, and continued as such copartners to develop, operate, and manage, said property, and to engage in mining for gold and in the mining business thereon, until on or about the 1st day of July, 1908."

These allegations, although they are somewhat liable to criticism as stating inferences and conclusions, instead of direct allegations, I think sufficiently allege that a partnership existed between the parties to this suit for the purpose of working the mine. Tenants in common of a mine may form a partnership to work the mine, in which case the mine itself may or may not be put in as a firm asset, or tenants in common of a mine may work it without forming any partnership. Lindley on Partnership (7th Ed.) p. 29; Lindley on Mines, vol. 2, § 796 et seq; Costigan on Mining Law, § 135 et seq. I think the meaning of the allegations in the complaint is that the parties to this action were partners in operating the mine. If they were partners, any one of them is entitled to an accounting. Even if they were not partners, but as tenants in common worked the mine under some joint arrangement, they are probably entitled to an accounting; the question depending upon what the arrangement was. I think, therefore, that the ground of the demurrer that the bill is without equity is not tenable.

The claim that the bill is multifarious is based on the facts that the bill alleges that the undivided tenth interest in the land sold by the complainants to Armbrecht was paid for by the delivery by said Armbrecht of 103 shares of the common stock of the Meridian Light & Railway Company, to be held by the defendant Luce as trustee for the complainants during a period of three years; that the conveyance of the undivided tenth interest to Dunton was paid for by a conveyance of certain land in Holland, Mich.; that Armbrecht and Dunton claim that the complainants were guilty of fraud in the sale of said undivided tenths; and that Armbrecht denies that Luce holds the 103 shares of stock in trust for the complainants. The complaint asks that those questions be litigated and adjudicated in this suit. I do not see that they can be litigated in this action if the defendants object, however desirable it might seem to be to have all the controversies between these parties settled in this suit. The sales of the undivided tenths by the complainants to Armbrecht and Dunton, respectively, appear, from the allegations in the complaint, to have been transactions prior to the formation of the alleged partnership. If Armbrecht and Dunton claim that such purchases were induced by complainants' fraudulent representations, and that

they have a right to rescind the sale and reclaim the land or stock transferred in consideration for such purchases, I do not see that such claims can be properly litigated and determined in this action, the only proper object of which is to settle the partnership accounts. I think, therefore, that the bill is multifarious, and the demurrers upon that ground are sustained, with leave to the complainants to amend the bill within 20 days upon payment of costs.

I think that the complainants' motion for an injunction restraining the defendant Armbrecht from prosecuting the suit instituted by him in Mississippi, and restraining the defendant Dunton from bringing any suit of a similar nature, should be denied, for the reasons above stated for holding the bill multifarious. If the questions in controversy between the complainants and the defendants Armbrecht and Dunton in respect to the validity of the conveyances made by the complainants to said defendants of their respective one-tenth interests in the mine cannot be properly litigated in this action, there is no reason for preventing any of the parties from litigating those questions in other actions.

The complainants' motion for an injunction is therefore denied.